# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2010

No. 09-50816
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL AGUILAR-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1036-1

Before KING, STEWART, and HAYNES,  Circuit Juges.

PER CURIAM:[*]

Daniel Aguilar-Moreno appeals the 77-month term of imprisonment imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b)(2) by being found in the United States without permission, following removal.  He argues that his sentence, which fell within his advisory sentencing guidelines range, is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).  Aguilar-Moreno contends that his sentence overstates the seriousness of his illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and does not properly account for his personal history and characteristics, including his motive for reentering the United States.

Citing *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), Aguilar-Moreno contends that his sentence should not be accorded an appellate presumption of reasonableness because U.S.S.G. § 2L1.2, the Guideline applicable to violations of § 1326, is not empirically based and double-counts a defendant's criminal history.   However, Aguilar-Moreno concedes that his challenge to the presumption of reasonableness is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also* § 2L1.2, comment. (n.6).

Before imposing Aguilar-Moreno's sentence, the district court judge considered the advisory sentencing guidelines range, the information in Aguilar-Moreno's presentence report, and the § 3553(a) factors.   The judge also considered the arguments presented at sentencing and determined that a guideline sentence would be appropriate.   Aguilar-Moreno's arguments do not establish that the district court abused its discretion in imposing that sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).   He has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.